UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Mary Elaine Morton,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | Civil Action No.: 1:24-cv-05202-ELR |
| v.           ) | |
| ) | |
| Guaranteed Rate, Inc.           ) | |
| ) | |
| Defendant.           ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GUARANTEED RATE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Guaranteed Rate, Inc. ("Guaranteed Rate" or "Defendant"), by and through the undersigned counsel, pursuant to Fed R. Civ. P. 12(b)(6), respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint (the "Motion"). Plaintiff asserts various claims based on allegations of malfeasances of other parties, of which Defendant has absolutely no liability or responsibility.

Although Plaintiff has failed to specifically plead *any* cause of action, it appears Plaintiff's Complaint is somehow attempting to refer to two causes of actions: (1) Negligence and (2) Fraudulent Mortgage or, in the alternative, Fraud. *See* Complaint ("Compl.") ¶¶ 5-8. Even accepting Plaintiff's allegations as true, which is required at this state of the proceedings, all of these claims must fail as a

matter of law.

## I.   Brief Statement of Factual Allegations

Assuming the truth of the facts in the Complaint for the purposes of this Motion only, Guaranteed Rate offer the following Statement of Facts:

Per the Plaintiff's Complaint, "[o]n 3/21/2024, Guaranteed Rate ask[ed] their [sic] partner Ellsworth insurance to quote homeowners insurance for [the Plaintiff's] property. Compl. ¶ 1. Ellsworth provided a quote "and on 3/26/2024, Guaranteed Rate asked Ellsworth Insurance to bind coverage for [Plaintiff's] home." *Id.* At closing, Plaintiff "brought [$]155,710 which included a check to Ellsworth Insurance." *Id.* at ¶ 2. "On 7/6/2024, [Plaintiff] contacted Orion 180 to file a water claim and [Plaintiff] found out that [she] had no coverage." *Id.* at ¶ 3. "Guaranteed failed to check if the insurance agent binded coverage on [Plaintiff's] home on 3/26/2024." *Id.* at ¶ 7. Further, "Guaranteed Rate failed to place forced placed insurance on [Plaintiff's] house after [she] requested it since August." *Id.* at ¶ 13.

## II.   Argument

### A. Motion to Dismiss Standard

In order to survive a motion to dismiss brought pursuant to Rule 12(b)(6), a plaintiff must plead the grounds for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's claims, however, must be more than merely "conceivable," and must allege "enough facts to state a claim to relief that is

plausible on its face." *Id*. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Moreover, in pleading the factual basis for each element, the Complaint must set forth on its face or in any attached exhibits "enough factual matter (taken as true) to suggest [each] required element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997); Fed R. Civ. P.10(c) (written exhibits attached to a pleading are treated as part of the pleading).

When ruling on a motion to dismiss, the Court must accept the truth of the facts alleged but need not accord such deference to allegations of opinion or legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555; *United Techs. Corp v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). The Court further should not construct inferences in favor of the plaintiff if such inferences are unsupported by the facts set out in the complaint. *Sinaltrainal v. Coca-Cola, Co.*, 578 F. 3d 1252, 1260 (11th Cir. 2009).

**B. Plaintiff's Claim for Negligence Fails as a Matter of Law.**

In this instance, Plaintiff complains of "Guaranteed Rate fail[ing] to check if the insurance agent binded coverage on my home on 3/26/2024 in making sure my coverage was binded. This negligence has caused my family and I harm." Compl. ¶ 7. Defendant, however, owes no duty to Plaintiff to check and ensure insurance coverage was binded on Plaintiff's home, and, thus, this claim must be dismissed.

3

To support a viable claim for negligence in Georgia, "a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566, 713 S.E.2d 835, 837 (2011); *Dep't of Lab. v. McConnell*, 305 Ga. 812, 815, 828 S.E.2d 352, 358 (2019) ("Negligence is premised on, among other things, a duty by the defendant to the plaintiff"). A duty to a plaintiff may arise from "statute, or be imposed by a common law principle." *Rasnick*, 289 Ga. at 566; 713 S.E2d at 837; *see Fielbon Dev. Co. v. Colony Bank of Houston Cnty.*, 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) ("[a] defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law").

Here, no duty arises from statute or by common law principle. The Court of Appeals of Georgia maintains that where the mortgagee and mortgagor are "involved in an arm's length transaction," there is "no confidential relationship, and [the Mortgagee has] a duty to exercise ordinary diligence to protect her own interest." *Dollar v. NationsBank of Georgia, N.A.*, 534 S.E.2d 851, 853 (2000); *see Joseph v. GMAC Mortg., LLC*, No. 1:10-CV-155-WCO-LTW, 2010 WL 11647049, at *6 (N.D. Ga. Aug. 18, 2010), *report and recommendation adopted*, No. 1:10-CV-

155-WCO-LTW, 2010 WL 11647061 (N.D. Ga. Sept. 20, 2010) ("there is no confidential relationship between mortgage lenders and borrowers who have clearly opposite interests." The mortgagor's "primary duty [is] to protect its interest in the security of the mortgage." *Id*.; *Joseph* at *6 ("the primary duty of a lending bank is to protect the assets of its members or depositors and not to protect the assets of its borrowers").

This lack of duty to the plaintiff is exemplified in *Dollar*, where the Mortgagor provided inaccurate information regarding whether the Mortgagee's residence was in the flood hazard zone. 534 S.E.2d at 852. The court held that even though the Mortgagee relied on the inaccurate information, the Mortgagor "had no duty to [the mortgagee] to accurately make that determination, and [the mortgagee] was not entitled to rely on [the Mortgagor's] representation." *Id*. at 853. Here, like the mortgagor in *Dollar*, Guaranteed Rate had no duty, which lies in tort, to ensure that Ellsworth Insurance binded the Plaintiff's insurance. Further, even if Guaranteed Rate had a contractual duty to ensure that the insurance was binded, that duty still would not give rise to a tort cause of action. *See Fielbon Dev. Co.*, 660 S.E.2d at 808. Consequently, the Plaintiff's claim for negligence must be dismissed.

C. **<u>Plaintiff's Fraud Claim Fails as a Matter of Law.</u>**

Plaintiff alleges that "Guaranteed Rate wrote [her] a fraudulent mortgage." Compl. ¶ 6. Guaranteed Rate will address this claim under the assumption that

5

Plaintiff is alleging that Guaranteed Rate has violated O.C.G.A. § 16-8-102, Georgia's criminal statute for residential mortgage fraud. *See Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 23 1369, 1380 (M.D. Ga. 2011) ("In Georgia, residential mortgage fraud is a criminal offense that can rise to the level of a felony"). Defendant maintains that Plaintiff has not alleged common law fraud. Nonetheless, Guaranteed Rate addresses the common law fraud claim in the alternative, in the event this Court find that Plaintiff alleged common law fraud. *See Joseph v. GMAC Mortg., LLC*, No. 1:10-CV-155-WCO-LTW, 2010 WL 11647049, at *7 (N.D. Ga. Aug. 18, 2010), *report and recommendation adopted*, No. 1:10-CV-155-WCO-LTW, 2010 WL 11647061 (N.D. Ga. Sept. 20, 2010) ("It is not this Court's duty to step in the shoes of a litigant and to formulate arguments that, for whatever reason, the party chose not to make or to distill every potential argument the Plaintiff could have made") (citing *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990).

    **i.** **<u>Plaintiff is not entitled to enforce Georgia's residential mortgage fraud statute.</u>**

Plaintiff alleges that Guaranteed Rate wrote her a fraudulent Mortgage. Compl. ¶ 6. O.C.G.A. § 16-8-102 provides that mortgage fraud is committed when a person, with an intent to defraud:

> (1) Knowingly makes any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower,

or any other party to the mortgage lending process;

(2) Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

(3) Receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section;

(4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or

(5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

O.C.G.A § 16-8-102. Plaintiff, however, is not entitled to enforce Georgia's residential mortgage fraud statute, and thus her claim must be dismissed.

While a violation of some penal statutes may give rise to a civil cause of action, not all violations of penal statutes "automatically give rise to a civil cause of action on the part of one who is purportedly injured thereby." *Jenkins*, 822 F. Supp. 2d at 1380. (Claim brought under a civil cause of action for mortgage fraud … "is not a proper vehicle for civil relief, and therefore [p]laintiff's claim for mortgage fraud fails to state an appropriate claim."); *see also Sobers v. Caliber Home Loans, Inc.*, Civil Action File No. 1:16-cv-335-WSD-JKL, 2016 WL 11260333, at *6 ("Georgia's criminal residential mortgage fraud statute … [could] be enforced only

by Georgia's Attorney General and district attorneys, and a plaintiff alleging mortgage fraud [did] not have a right to bring a civil action based on § 16-8-102"), adopted by 2017 WL 443651, at *6 (N.D. Ga. Feb. 2, 2017); *Araya v. Bank of Am., N.A.*, CIVIL ACTION NO. 1:12-CV-2740-SCJ, 2012 WL 12842941, at *10 (N.D. Ga. Nov. 16, 2012) (dismissing plaintiff's residential mortgage fraud claim since O.C.G.A. § 16-8-102 is a criminal statute that does not provide a private right of action). Accordingly, Plaintiff's claim for mortgage fraud must be dismissed.

> **ii.  Plaintiff's fraud claim must be dismissed because Plaintiff has not met the requirements of F.R.C.P. 9(b).**

In the alternative, should the court find that the Plaintiff alleged common law fraud, this court must still dismiss Plaintiff's fraud claim. When fraud is plead, the requirements of F.R.C.P. 9(b) must be satisfied "in order to survive a motion to dismiss." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Rule 9(b) is satisfied if the complaint sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997). Further, while courts will hold a pro se plaintiff's pleadings "to a less stringent standard than pleadings drafted by attorneys," this leniency does not give

a court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Callahan v. Emory Healthcare, Inc.*, No. 23-10604, 2024 WL 3027684, at *4 (11th Cir. June 17, 2024) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Here, Plaintiff's complaint does not satisfy the Rule 9(b) pleading requirements. Plaintiff fails to precisely state what statements made by Guaranteed Rate constitute fraud. *See* Compl. ¶¶ 6, 8. Further, Plaintiff fails to state the time and place of each statement, and the content of the alleged statements made by Guaranteed Rate. *See* Compl. Lastly, Plaintiff cannot show what Guaranteed Rate obtained as a consequence of the fraud, as it would be in Guaranteed Rate's interest (as the Mortgagor with a security interest in the property) for Plaintiff **to have** home insurance. *See Dollar*, 34 S.E.2d at 853. (A mortgagor's "primary duty [is] to protect its interest in the security of the mortgage.").

Accordingly, should the Court find that Plaintiff brought a cause of action for fraud, Plaintiff's claim for fraud must be dismissed because Plaintiff failed to meet the requirements of F.R.C.P. 9(b).

### III.   Conclusion

Accordingly, as set forth above, all claims leveled against Guaranteed Rate fail as a matter of law. WHEREFORE, Guaranteed Rate, Inc. respectfully asks this Court

to dismiss all counts against it.

Respectfully submitted, this 20th day of November, 2024.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Chad A. Shultz*
V. Phillip Hill
Georgia Bar No. 637841
Chad A. Shultz
Georgia Bar No. 644440
*Attorneys for Defendant Guaranteed Rate, Inc.*

55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, Georgia 30308
Telephone: (404) 869-9054
cshultz@grsm.com
phill@grsm.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document was prepared in Times New Roman font, 14 point and complies with Northern District of Georgia Local Rules 5.1 (c) and 7.1(d).

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Chad A. Shultz*
V. Phillip Hill
Georgia Bar No. 637841

Chad A. Shultz<br>
Georgia Bar No. 644440<br>
*Attorneys for Defendant Guaranteed Rate, Inc.*

55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, Georgia 30308
Telephone: (404) 869-9054
cshultz@grsm.com
phill@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of November, 2024 served a copy of the within and foregoing pleading upon all parties to this matter by serving a copy of the same via first class U.S. mail as follows:

Mary Elaine Morton<br>
609 Millstone Drive<br>
Jonesboro, GA 30238<br>
*Plaintiff Pro se*

*/s/ Chad A. Shultz*
Counsel