## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Mary Elaine Morton,

    Plaintiff,

                            CASE NO.: 1:24-cv-05202-ELR

v.

GUARANTEED RATE, INC.

    Defendant.

_____

## DEFENDANT GUARANTEED RATE, INC.'S
## INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Guaranteed Rate Inc., ("Defendant"), a Delaware Corporation with is principal place of business in Chicago, Illinois, provides its initial disclosures to Plaintiff Mary Elaine Morton ("Morton" or "Plaintiff").

These disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint. To the extent Plaintiff disagrees with Defendant's understanding of Defendant's claims, Defendant requests that the parties meet-and-confer to clarify any misunderstanding.

Investigations and discovery are continuing, and Defendant reserves the right to supplement or amend these disclosures pursuant to Fed. R. Civ. P. 26(e), after learning more about the nature and details of Plaintiff's allegations and legal claims.

1

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Not applicable.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as discovery is ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e).

Defendant sets forth defenses in its Motion to Dismiss filed on November 13th, 2024, and may supplement affirmative defenses with the potential filing of its answer after the Court rules upon the Motion to Dismiss. More generally, Defendant is informed and believes that (1) Defendant had no duty to ensure the insurance was "binded", (2) Plaintiff does not have standing to bring a mortgage fraud claim, (3) Plaintiff has not properly plead fraud, (4) Defendant had no intention to deceive the Plaintiff into not having home insurance because the Defendant, at the time, also had an interest in the property, and (5) the damage that Plaintiff has alleged was already

2

present in her house prior to her alleged insurance claims.

On, March 22, 2024, Defendant approved Plaintiff for a loan to purchase a property located at 609 Millstone Drive, Jonesboro, GA 30238. On March 19, 2024, Defendant referred Morton to Kristy Ellsworth ("Ellsworth") for an insurance quote. On April 10, 2024, the Closing occurred with the property allegedly insured by Orion180, which was obtained by Kristy Ellsworth. Due to no fault of the Defendant, Ellsworth failed to bind the Orion180 policy. On July 6, 2024, Ellsworth requests that Orion180 backdate the policy to April 10, 2024. Orion, however, can only backdate the policy 30 days, therefore the policy was backdated to June 6, 2024.

On July 9, 2024, Plaintiff made two claims under the Orion180 policy: 1) leaking plumbing, 2) water damage to deck. On July 16, 2024, Plaintiff withdraws claim for damage to the deck. On August 2, 2024, Orion180 sends a Notice of Recission to Plaintiff stating that the home does not meet eligibility for Orion's program because the risk was misrepresented on the application. Consequently, Orion rescinded the policy dating back to the policy effective date of June 6, 2024 and states that "no coverage will ever have been provided."

On August 13, 2024, Morton obtains a new insurance policy with Goosehead Insurance. Finally, Defendant no longer has an interest in the loan because on October 2, 2024, Defendant transferred the mortgage to LoanCare, LLC.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant**

contends are applicable to this action.

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as discovery is ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). Defendant contends its motion to dismiss describes in detail the statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Plaintiff has failed to specifically plead any cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); F.R.C.P. 12(b)(6). A plaintiff's claims, however, must be more than merely "conceivable," and must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Moreover, in pleading the factual basis for each element, the Complaint must set forth on its face or in any attached exhibits "enough factual matter (taken as true) to suggest [each] required element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997); Fed R. Civ. P.10(c) (written exhibits attached to a pleading are treated as part of the pleading).

Here, Plaintiff has failed to specifically plead any cause of actions, and it is not on the Defendant or the Court to construct inferences in the favor of the plaintiff.

See Complaint; *Sinaltrainal v. Coca-Cola, Co.*, 578 F. 3d 1252, 1260 (11th Cir. 2009).

To support a viable claim for negligence in Georgia, "a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566, 713 S.E.2d 835, 837 (2011); *Dep't of Lab. v. McConnell*, 305 Ga. 812, 815, 828 S.E.2d 352, 358 (2019) ("Negligence is premised on, among other things, a duty by the defendant to the plaintiff"). The Court of Appeals of Georgia maintains that where the mortgagee and mortgagor are "involved in an arm's length transaction," there is "no confidential relationship, and [the Mortgagee has] a duty to exercise ordinary diligence to protect her own interest." *Dollar v. NationsBank of Georgia, N.A.*, 534 S.E.2d 851, 853 (2000); *see Joseph v. GMAC Mortg., LLC*, No. 1:10-CV-155-WCO-LTW, 2010 WL 11647049, at *6 (N.D. Ga. Aug. 18, 2010), *report and recommendation adopted*, No. 1:10-CV-155-WCO-LTW, 2010 WL 11647061 (N.D. Ga. Sept. 20, 2010) ("there is no confidential relationship between mortgage lenders and borrowers who have clearly opposite interests." The mortgagor's "primary duty [is] to protect its interest in the security of the mortgage." *Id*.; *Joseph* at *6 ("the primary duty of a lending bank is to protect the assets of its members or depositors and not to protect the assets of its borrowers").

Accordingly, Plaintiff cannot establish that the Defendant had a duty to the Plaintiff to ensure that the home insurance binded to the property.

O.C.G.A. § 16-8-102 provides that mortgage fraud is committed when a person, with an intent to defraud:

> (1) Knowingly makes any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

> (2) Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

> (3) Receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section;

> (4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or

> (5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

O.C.G.A § 16-8-102. A violation of some penal statutes may give rise to a civil cause of action, but not all violations of penal statutes "automatically give rise to a civil cause of action on the part of one who is purportedly injured thereby." *Jenkins*, 822 F. Supp. 2d at 1380. (Claim brought under a civil cause of action for mortgage fraud ... "is not a proper vehicle for civil relief, and therefore [p]laintiff's

claim for mortgage fraud fails to state an appropriate claim."); *see also Sobers v. Caliber Home Loans, Inc.*, Civil Action File No. 1:16-cv-335-WSD-JKL, 2016 WL 11260333, at *6 ("Georgia's criminal residential mortgage fraud statute … [could] be enforced only by Georgia's Attorney General and district attorneys, and a plaintiff alleging mortgage fraud [did] not have a right to bring a civil action based on § 16-8-102"), adopted by 2017 WL 443651, at *6 (N.D. Ga. Feb. 2, 2017); *Araya v. Bank of Am., N.A.*, CIVIL ACTION NO. 1:12-CV-2740-SCJ, 2012 WL 12842941, at *10 (N.D. Ga. Nov. 16, 2012) (dismissing plaintiff's residential mortgage fraud claim since O.C.G.A. § 16-8-102 is a criminal statute that does not provide a private right of action).

Accordingly, Plaintiff does not have standing to bring a mortgage fraud claim under O.C.G.A. § 16-8-102.

When fraud is plead, the requirements of F.R.C.P. 9(b) must be satisfied "in order to survive a motion to dismiss." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Rule 9(b) is satisfied if the complaint sets forth

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371

(11th Cir.1997).

Here, Plaintiff's complaint does not satisfy the Rule 9(b) pleading requirements. Plaintiff fails to precisely state what statements made by Guaranteed Rate constitute fraud. *See* Compl. ¶¶ 6, 8. Further, Plaintiff fails to state the time and place of each statement, and the content of the alleged statements made by Guaranteed Rate. *See* Compl. Lastly, Plaintiff cannot show what Guaranteed Rate obtained as a consequence of the fraud, as it would be in Guaranteed Rate's interest (as the Mortgagor with a security interest in the property) for Plaintiff **to have** home insurance. *See Dollar*, 34 S.E.2d at 853. (A mortgagor's "primary duty [is] to protect its interest in the security of the mortgage.").

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as investigations are ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e).  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendant discloses the following individuals likely to have discoverable information that may be used to support Defendant's defenses and counterclaims.  The following disclosures do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or

expert witness testimony, who will be disclosed in accordance with the schedule set

by the Court.

| | |
|---|---|
| Mary Elaine Morton<br>609 Millstone Drive<br>Jonesboro, GA 30238<br>*Plaintiff Pro se* | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Kristy Ellsworth<br>c/o Ellsworth Insurance LLC<br>3 Bullsboro Drive, Newnan, GA, 30263 | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Regina Thomas<br>c/o Queens Bridge Realty LLC<br>1415 HWY 85 N. Ste 310-579<br>Fayetteville, GA 30214 | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Paulin Petion<br>c/o Atlanta Metro Realtor<br>2015 McCullum Ste 110<br>Newnan, GA 30265 | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Ryan L Paul<br>c/o DS Murphy, LLC<br>5400 Laurel Springs Pkwy, Suite 108<br>Suwanee, GA | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Francesca Morton<br>Mailing address believed to be:<br>PO Box 661228<br>Bronx, NY 10466 | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Cassandra L Waring<br>(*Address Unknown*) | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |
| Leah Coln<br>c/o Guaranteed Rate<br>3940 N. Ravenswood Ave.,<br>Chicago, IL 60613<br>(Contact through Defendant's counsel) | Has information relevant to Plaintiff's claims and Defendant's defenses/counterclaims. |

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all**

**experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as investigations are ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). To date, Defendant has yet to retain any such individuals.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as investigations are ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendant hereby discloses the following documents and things in its possession, custody or control that it may use to support its defenses and counterclaims. The following disclosures do not include documents and things that are likely to be offered solely for impeachment:

1. Documents regarding Plaintiff's mortgage with Defendant.

2. Documents regarding any closing documents and related documents for the property at issue.

4. Documents reflecting communications between Plaintiff and Guaranteed Rate.

5. Documents attached as exhibits to the pleadings.

6. Documents relevant to the events giving rise to this action.

7. Any documents or things produced or provided by Plaintiff.

**(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.**

Discovery is in its infancy and these disclosures are based on Defendant's preliminary understanding of Plaintiff's allegations and causes of action set forth in the Complaint and as investigations are ongoing, Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e).

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Kristy Ellsworth and Ellsworth Insurance LLC - 3 Bullsboro Drive, Newnan, GA, 30263. Kristy Ellsworth failed to bind Plaintiff's insurance. Plaintiff's damages, if any, are a result of Ellsworth's lack of due diligence.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any**

**insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Not applicable.

**(11)   Reservation of Rights**

Defendant reserves the right to amend or supplement these disclosure as provided by Fed. R. Civ. P. 26(e) and to object to the admissibility of any document or statement herein or in Plaintiff's initial disclosures on all bases set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and governing law.

Respectfully submitted this 20th day of December, 2024.

**GORDON REES SCULLY MANSUKHANI, LLP**

 _/s/ Jack W Chambers_____
Chad A. Shultz
GA Bar No. 644440
Jack W. Chambers
GA Bar No. 348448
*Attorneys for Guaranteed Rate, Inc.*

55 Ivan Allen Jr. Blvd., NW
Suite 750
Atlanta, Georgia 30308
(404) 869-9054 Telephone
(678) 389-8475 Facsimile
cshultz@grsm.com
jchambers@grsm.com

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document has been prepared in compliance with

Local Rule 5.1.

This 20th day of December, 2024.

**GORDON REES SCULLY
MANSUKHANI, LLP**

 */s/ Jack W Chambers*
Chad A. Shultz
GA Bar No. 644440
Jack W. Chambers
GA Bar No. 348448
*Attorneys for Guaranteed Rate, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 20th day of December, 2024, by written consent of the opposing party, I have served a true and correct copy of the foregoing by email. Additionally, I have filed a true and correct copy of the foregoing by with the Clerk of Court.

**GORDON REES SCULLY
MANSUKHANI, LLP**

 */s/ Jack W Chambers*
Chad A. Shultz
GA Bar No. 644440
Jack W. Chambers
GA Bar No. 348448
*Attorneys for Guaranteed Rate, Inc.*

14