**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Mary Elaine Morton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:24-cv-05202-ELR |
| v. ) | |
| ) | |
| Guaranteed Rate, Inc. ) | |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

    a. Describe briefly the nature of this action:

    **Plaintiff: Guaranteed Rate wrote a fraudulent mortgage. Guaranteed Rate was negligent for failing to check if the insurance agent binded coverage on Plaintiff's home. Guaranteed Rate referred Plaintiff to Ellsworth insurance despite past instances of Ellsworth Insurance providing fraudulent insurance.**

    **Guaranteed Rate, Inc.: Defendant denies Plaintiff's allegations. Guaranteed Rate did not make any fraudulent statements or take**

**any fraudulent actions, nor does Guaranteed Rate owe Plaintiff a duty to ensure a non-agent binds Plaintiff's home insurance.**

b. Summarize the facts of this case. The summary should not be argumentative nor recite evidence:

**Plaintiff: Plaintiff received a mortgage from Guaranteed Rate to purchase a home at 609 Millstone Drive, Jonesboro, GA, 30238. Guaranteed Rate failed to check and see if the Kristy Ellsworth, the insurance agent binded coverage on the Plaintiff's home. At closing, Plaintiff only received an accord document for proof of insurance. As a result, Plaintiff owned a home without home insurance for months. As a result, Plaintiff did not have insurance to pay for water damage to her home. Additionally, the misinformation regarding the insurance affected the Plaintiff's understanding of my true mortgage amount, leading the Plaintiff to believe she could afford the property based on inaccurate figures.**

**Guaranteed Rate, Inc.: Defendant asserts that Plaintiff cannot show that Guaranteed Rate had a duty to ensure her home**

    **insurance was "binded." Guaranteed rate also asserts that Plaintiff cannot show that Guaranteed Rate made any fraudulent actions or made and fraudulent statements. Plaintiff cannot establish any alleged actions by Defendant caused any injury to her.**

c. The legal issues to be tried are as follows:

    **Plaintiff: Whether Guaranteed Rate had a duty to verify the insurance was binded? Whether Guaranteed Rate wrote the Plaintiff a fraudulent mortgage? Whether the original price quote for insurance was fraudulent? Whether Plaintiff's closing was fraudulent due to the original price quote being fraudulent? Whether Plaintiff's closing was fraudulent due to not having a truthful insurance amount for the year? What damages is Plaintiff entitled to?**

    **Guaranteed Rate, Inc.: Does Plaintiff have standing to bring a Fraudulent Mortgage statement against Guaranteed Rate under O.C.G.A. § 16-8-102? Did Plaintiff satisfy all the elements of Mortgage Fraud or Common Law Fraud? Did Guaranteed Rate willfully make misrepresentation of material fact?  Has Plaintiff**

suffered an injury as a result of the actions or inactions by Guaranteed Rate?

    d. The cases listed below (include both style and action number) are:

        i. Pending Related Cases: **N/A**

        ii. Previously Adjudicated Related Cases: **N/A**

2. **This case is complex because it possesses one or more of the features listed below (please check):**
   - \_\_\_\_ (1) Unusually large number of parties
   - \_\_\_\_ (2) Unusually large number of claims or defenses
   - \_\_\_\_ (3) Factual issues are exceptionally complex
   - \_\_\_\_ (4) Greater than normal volume of evidence
   - \_\_\_\_ (5) Extended discovery period if needed
   - \_\_\_\_ (6) Problems locating or preserving evidence
   - \_\_\_\_ (7) Pending parallel investigations or action by government
   - \_\_\_\_ (8) Multiple use of experts
   - \_\_\_\_ (9) Need for discovery outside United States boundaries
   - \_\_\_\_ (10) Existence of highly technical issues and proof
   - \_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiff:** *Pro Se.*

    **Guaranteed Rate, Inc.: Chad A. Shultz**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_ _ Yes        _X_ No

**Plaintiff**: **Plaintiff does not dispute jurisdiction or venue of this court at this time.**

**Defendant: Guaranteed Rate does not at this time dispute jurisdiction or venue in this District. Guaranteed Rate's principal place of business is in Chicago, Illinois and was incorporated in the State of Delaware.**

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **None known.**

   (b) The following persons are improperly joined as parties:

   **None known.**

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:
   **None known.**

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**
   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

At this time, the parties do not anticipate any additional amendments to the pleadings, but all parties reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1(A)(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that was proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The Parties do not request a scheduling conference with the Court at this time.**

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
Cases in this Court are assigned to one of the following discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff: Communications and documents shared between Kristy Ellsworth and Guaranteed Rate. Guaranteed Rate policy towards verifying that the home insurance is active at closings. Other instances of**

**Guaranteed Rate recommending Kristy Ellsworth. Guaranteed Rate's investigation into the failure to bind. Guaranteed Rate's policies and procedures regarding payment to third parties for home insurance. Closing disclosure documents and related mortgage documents.**

**Defendant: Plaintiff's communications with Kristy Ellsworth. Alleged damages to the Plaintiff's property and any other alleged damages to the Plaintiff. The prior and current condition of the Plaintiff's property.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Parties do not believe additional time will be necessary at the moment.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    **The parties do not request further limitations on discovery at this time.**

    (b) Is any party seeking discovery of electronically stored information?

    __**X**___ Yes              ____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties do not foresee any problems with disclosure or discovery of electronically stored information ("ESI"); however, they will reserve the issues of ESI disclosure and discovery after the Initial Disclosures have taken place. The Parties agree that discovery should be produced in an accessible, secure, and convenient manner and that disclosure of ESI should be handled consistent with the relevant Federal Rules of Civil Procedure. Finally, the Parties have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action and do not anticipate any issues at this time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Parties agree to the production of documents and relevant information in PDF format. Additionally, the parties agree to the service of documents, pleadings, and any other information via electronic means. **Electronically stored**

**information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

> **Guaranteed Rate, Inc.: Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.**

13. **Settlement Potential:**

(a) Lead counsel for the parties, certify by their signatures below that they communicated regarding Rule 26(f), and that settlement discussions have been conducted. Other persons who participated in the settlement discussions are listed according to party:

**Plaintiff:** Mary Elaine Morton

**Guaranteed Rate, Inc.:** Chad A. Shultz

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   **X**    A possibility of settlement before discovery
   **X**    A possibility of settlement after discovery
_____ A possibility of settlement, but a conference with the judge is needed.
_____ No possibility of settlement

(c) Counsel \_\_\_ do or \_x\_ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hinderance to settlement of this case.

None as the Parties agree to continue to work together to come to a mutually agreeable resolution of this matter if possible.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties \_\_\_\_ do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of the court this _____ day of _____, 20\_\_.

(b) The parties \_X\_\_\_ do not consent to having this case tried before a magistrate judge of this Court.

*/s/Mary Elaine Morton*
Mary Elaine Morton
609 Millstone Drive
Jonesboro, GA 30238
*Plaintiff Pro se.*

*/s/Jack W. Chambers*
Chad A. Shultz
Georgia Bar No. 637841
Jack W. Chambers
Georgia Bar No. 348448
55 Ivan Allen Jr. Blvd., Suite 750
Atlanta, GA 30308
404.978.7337
cshultz@grsm.com
jchambers@grsm.com
*Counsel for Defendant Guaranteed Rate, Inc.*

\* \* \* \* \* \* \* \* \* \*
# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE