IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY ELAINE MORTON,
PLAINTIFF,

v.

GUARANTEED RATE, INC.,
DEFENDANT.



Civil Action No.: 1:24-cv-05202-ELR

**PLAINTIFF MARY ELAINE MORTON'S RESPONSE TO DEFENDANT'S MOTION FOR DISMISSAL**

I am writing to formally respond to the Motion to Dismiss filed by Defendant Guaranteed Rate, Inc. in the above-referenced case. I respectfully request that the court deny this motion based on the substantial claims I have outlined in my complaint.

Defendant Guaranteed Rate, Inc. has intentionally caused damages to me as the Plaintiff by breaching their agreement under O.C.G.A. § 13-6-1. During the closing process, the Defendant provided proof of insurance coverage that led me to believe that the insurance was active. Presenting an insurance document at closing while being aware of the possibility that this insurance was not active is a deceptive practice, as defined by O.C.G.A. § 10-1-390. If the Defendant failed to ensure that the insurance policy was properly bound, they have violated their responsibilities under O.C.G.A. § 11-2-10.

Furthermore, Guaranteed Rate was negligent in handling the insurance process, as indicated by O.C.G.A. § 51-1-2. They had a clear duty to manage this process effectively and ensure that all components were set up correctly before closing. Their failure to confirm the active status of the insurance demonstrates a lack of reasonable care that is expected in these situations.

In addition, the principle of vicarious liability, as outlined in O.C.G.A. § 51-2-2, applies here. This statute states that an entity can be held liable for the actions of others within its control, which is relevant to the actions of the Defendant and its employees during this transaction.

Moreover, the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, requires lenders to provide clear and timely information about loan terms. This obligation was not adequately fulfilled in my case, further supporting my claims against the Defendant.

In conclusion, I urge the court to deny the Defendant's motion for dismissal. The evidence and legal principles presented demonstrate that the Defendant should be held liable for their negligence and deceptive practices. I appreciate your attention to this matter and look forward to the court's decision.

Respectfully submitted this 3rd day of March, 2025.

Mary Elaine Morton

*[signature]*

Mary Elaine Morton
609 Millstone Drive
Jonesboro, GA 30238
maryelainemorton@gmail.com
678-492-3217